ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Dec-07  16:12:35
60CV-21-7757
C06D16 : 29 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

**WELLS FARGO BANK, N.A., as TRUSTEE
for MORGAN STANLEY CAPITAL I
TRUST 2016-UBS12, COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2016-USB12**                     **PLAINTIFF**

**vs.**                          **CASE NO. _____**

**PF ALLIED GARDENS LLC;
PF JEFFERSON MANOR LLC;
PF NORTHWEST ACRES LLC; and
PF TERRACE GREEN LLC**                               **DEFENDANTS**

### VERIFIED COMPLAINT FOR FORECLOSURE, REPLEVIN, AND OTHER RELIEF AND IMMEDIATE APPOINTMENT OF RECEIVER

Plaintiff Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS12, Commercial Mortgage Pass-Through Certificates, Series 2016-UBS12 ("Plaintiff"), for its verified complaint for damages, foreclosure, replevin, and other relief, and request for immediate appointment of a receiver against Defendants PF Jefferson Manor LLC, PF Terrace Green LLC, PF Allied Gardens LLC, and PF Northwest Acres LLC (collectively, the "Borrower"), states:

1.     Plaintiff is the holder of a promissory note executed by the Borrower and secured by a first-priority mortgage interest in several real properties located in

Pulaski County, Arkansas, Sebastian County, Arkansas, and Washington County, Arkansas.

2.      Defendant PF Jefferson Manor LLC ("PF Jefferson Manor") is an Arkansas limited liability company with its principal place of business in Newark, New Jersey.

3.      Defendant PF Terrace Green LLC  ("PF Terrace Green") is an Arkansas limited liability company with its principal place of business in Newark, New Jersey.

4.      Defendant PF Allied Gardens LLC ("PF Allied Gardens") is an Arkansas limited liability company with its principal place of business in Newark, New Jersey.

5.      Defendant PF Northwest Acres LLC ("PF Northwest Acres") is an Arkansas limited liability company with its principal place of business in Newark, New Jersey.

6.      The Court has jurisdiction over the subject matter of this cause of action under Arkansas law, including, without limitation, Ark. Const. amendment 80, §§ 6, 19, and Ark. Code Ann. § 16-13-201.

7.      The Court has jurisdiction over the parties pursuant to Arkansas law, including, without limitation, Ark. Code Ann. § 16-4-101(B).

8.      Venue is proper in this Court under Arkansas law, including, without limitation, Ark. Code Ann. § 16-60-101(a) and § 16-60-102.

2401652-v1

9.      This action concerns real property located in Pulaski County,

Arkansas, Sebastian County, Arkansas, and Washington County, Arkansas.

## Background & Facts

10.      Plaintiff re-alleges, restates, and incorporates herein by this reference

the foregoing paragraphs as if set out verbatim.

**The Loan**

11.      On or about October 31, 2016, UBS AG ("Original Lender") made a

loan to Borrower in the original principal amount of $18,500,000 (the "Loan"), the

terms of which are set forth in a Loan Agreement dated as of October 31, 2016

between Borrower and Original Lender (the "Loan Agreement").  A true and correct

copy of the Loan Agreement is attached hereto and incorporated herein as

Exhibit 1.  Plaintiff is successor in interest to Original Lender and holds all of its

right, title, and interest in and to the Loan and the Loan Documents, as defined

herein.

12.      Borrower executed a promissory note (the "Note") payable to the order

of Original Lender in the original principal amount of $18,500,000.  A true and

correct copy of  the Note, with Allonge, is attached hereto and incorporated herein

as Exhibit 2.

13.      Under the terms of the Loan Agreement and the Note, Borrower is

required to make monthly payments equal to the Monthly Debt Service Payment

Amount, which, as defined by the Loan Agreement, is $96,449.01. Exhibit 1, Loan

Agreement, at § 2.3.1.

3

14.     Borrower owns and operates apartment complexes in Pulaski County, Sebastian County, and Washington County, Arkansas.

15.     To secure the Note, PF Jefferson Manor and PF Terrace Green executed a Mortgage and Security Agreement dated as of October 31, 2016, pursuant to which PF Jefferson Manor and PF Terrace Green, respectively, granted to Original Lender a first-priority mortgage interest in the real property and improvements located in Pulaski County, Arkansas (the "Pulaski County Mortgage"): (1) the real property and improvements commonly known as 2600 John Ashley Drive, Little Rock, Arkansas and more particularly described as follows:

### PF JEFFERSON MANOR LLC

Lots "A" and "B" in Pike Plaza Heights Subdivision of North Little Rock, Arkansas, more particularly described as: A tract of land in the W 1/2 of the SE 1/4 of the NE 1/4, Section 28, Township 2 North, Range 12 West, Pulaski County, Arkansas: Commencing at the Northeast corner of said W 1/2 of the SE 1/4 of the NE 1/4; thence South 0 degrees 53 minutes East along the East line of said W 1/2 of the SE 1/4 of the NE 1/4 300.0 feet to the point of beginning; thence continue South 0 degrees 53 minutes East 699.4 feet to a point; thence North 89 degrees 46 minutes West 662.76 feet to a point; thence North 0 degrees 53 minutes West 651.40 feet to a point; thence North 84 degrees 03 minutes East 482.10 feet to a point; thence South 88 degrees 54 minutes East 180 feet to the point beginning; LESS AND EXCEPT the right-of-way of Ashley Street which is more particularly described as commencing at the Northeast corner of the W 1/2 of the SE 1/4 of the NE 1/4; thence South 0 degrees 53 minutes East along the East line of the W 1/2 of the SE 1/4 of the NE 1/4 300 feet to a point; thence North 88 degrees 54 minutes West 130 feet to a point on the East line of Ashley Street; thence South 0 degrees 53 minutes East along the East right-of-way line of Ashley Street 274.40 feet, thence around an arc to the left, or East, having a radius of 50 feet which is subtended by a chord having a length of 71.20 feet and bearing of South 0 degrees 53 minutes East, thence continue South 0 degrees 53 minutes East 355.76 feet to a point; thence North 89 degrees 46 minutes West 50 feet to a point on the West right-of-way line of Ashley Street; thence North 0 degrees 53 minutes West 344.17 feet; thence around an arc to the left, or West, having a radius of 50 feet which is subtended by a chord having a length of 95.35 feet and a bearing of North 0 degrees 53 minutes West, thence North 0 degrees 53 minutes West 262.4 feet to a point ; thence South 88 degrees 54 minutes East to the point of beginning of the right-of-way of Ashley Street.

(together, with all rights appurtenant thereto, the "John Ashley Drive Property");
and (2) the real property and improvements commonly known as 8223 Scott
Hamilton Drive, Little Rock, Arkansas, and more particularly described as follows:

### PF TERRACE GREEN LLC

Part of the NW1/4 NW1/4 SE1/4, Section 32, Township 1 North, Range 12 West, Pulaski County, Arkansas, more particularly described as: Beginning at the Southeast corner of the said NW1/4 NW1/4 SE1/4; thence North 89 degrees 32 minutes West along the South line of said NW1/4 NW1/4 SE1/4 639.4 feet to a point on the East line of Fourche Road; thence North 2 degrees 26 minutes East along the East line of said Fourche Road 455.0 feet; thence South 72 degrees 34 minutes East 29.9 feet to the point of curvature of a curve to the left; thence along said curve to the left a chord bearing of South 81 degrees 04 minutes East a distance of 93.9 feet to the point of tangency of said curve; thence South 89 degrees 32 minutes East parallel to the South line of said NW1/4 NW1/4 SE1/4 488.0 feet to a point on the East line of said NW1/4 NW1/4 SE1/4; thence South 1 degree 19 minutes East along said East line 432.0 feet to the point of beginning.

(together, with all rights appurtenant thereto, the "Scott Hamilton Drive
Property").

16.     Original Lender properly perfected its interest in the John Ashley
Drive Property and Scott Hamilton Drive Property by filing the Pulaski County
Mortgage in the real property records of Pulaski County, Arkansas, on November 2,
2016, Instrument No. 2016069571.  A true and correct copy of the Pulaski County
Mortgage is attached hereto and incorporated herein as Exhibit 3.

17.     The Pulaski County Mortgage included an Assignment of Rents,
pursuant to which PF Jefferson Manor and PF Terrace Green absolutely and
unconditionally assigned to Original Lender all of their right, title, and interest in
and to all current and future Leases and Rents (as defined therein) related to the
John Ashley Drive Property and the Scott Hamilton Drive Property.  In addition,

PF Jefferson Manor and PF Terrace Green executed an Assignment of Leases and Rents for the benefit of Original Lender, which Original Lender recorded with the Pulaski County Circuit Clerk on November 2, 2016, Instrument No. 2016069572 (the "Pulaski County Assignment of Leases and Rents"), and a true and correct copy of which is attached hereto and incorporated herein as Exhibit 4.

18.     PF Jefferson Manor and PF Terrace Green also granted Original Lender a first-priority security interest in the Fixtures, Equipment, and Personal Property (as defined in the Pulaski County Mortgage) associated with the John Ashley Drive Property and the Scott Hamilton Drive Property.  *See* Exhibit 3, the Pulaski County Mortgage.

19.     The terms of the Pulaski County Mortgage required PF Jefferson Manor and PF Terrace Green to comply with the terms of the Loan Agreement, Note, and other Loan Documents, as defined herein, and to make all payments required under the Loan Agreement and Note.

20.     The terms of the Pulaski County Mortgage further provided that, upon the occurrence of an Event of Default, as defined by the Loan Agreement, Original Lender and its successors and assigns may declare all indebtedness immediately due and payable, have a receiver appointed to take possession of all or any part of the property, rights, interests, and estates subject to their security interest, to enter upon and operate the John Ashley Drive Property and Scott Hamilton Drive Property preceding foreclosure or sale, and to collect rents and receipts from the

2401652-v1

John Ashley Drive Property and Scott Hamilton Drive Property and apply the
proceeds to payment of the indebtedness.

21.     To further secure the Note, PF Jefferson Manor and PF Terrace Green
granted to Original Lender a first priority security interest in "[a]ll furniture,
furnishings, objects of art, machinery, goods, tools, supplies, appliances, general
intangibles, contract rights, accounts, accounts receivable, franchises, licenses,
certificates and permits, and all other personal property of any kind or character
whatsoever . . . , other than Fixtures, which are now or hereafter owned by
Borrower and which are located within or about the Land and the Improvements,
together with all accessories, replacements and substitutions thereto or therefor
and the proceeds thereof " (collectively, the "Pulaski County Personal Property").

22.     Original Lender properly perfected its first-priority interest in the
Pulaski County Personal Property by filing a UCC Financing Statement with the
Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580.
A true and correct copy of the UCC Financing Statement for the Pulaski County
Personal Property (and for the Sebastian County Personal Property and
Washington County Personal Property (as defined herein)) is attached hereto and
incorporated herein as Exhibit 5.

23.     Original Lender properly perfected its first priority interest in the
fixtures included in the John Ashley Drive Property and Scott Hamilton Drive
Property by filing a fixture filing in the real property records of Pulaski County,
Arkansas on November 2, 2016, Instrument No. 2016069573 (the "Pulaski County

2401652-v1

Fixture Filing"). A true and correct copy of the Pulaski County Fixture Filing is attached hereto and incorporated herein as Exhibit 6.

24.     To further secure the Note, PF Allied Gardens executed a Mortgage and Security Agreement dated as of October 31, 2016 granting to Original Lender a first-priority mortgage interest  in the real property and improvements located in Sebastian County, Arkansas, commonly known as 5221 Johnson Street, Fort Smith, Arkansas (the "Sebastian County Mortgage"), and more particularly described as follows:

> A part of the Southwest Quarter of the Northeast Quarter of Section 2, Township 8 North, Range 32 West, Fort Smith, Sebastian County, Arkansas, being more particularly described as follows: Beginning at the Southeast corner of said Southwest Quarter of the Northeast Quarter; thence North along the East line of said Southwest Quarter of the Northeast Quarter, 25.01 feet to the point of beginning, thence North along the East line of said Southwest Quarter of the Northeast Quarter, 955.75 feet, thence North 89 degrees 55 minutes 27 seconds West, 654.59 feet, thence South 01 degrees 10 minutes 28 seconds West, 958.85 feet to a point on the North right of way line of Johnson Street, thence North 89 degrees 49 minutes 42 seconds East along the North right of way line of Johnson Street, 334.67 feet, thence North 0 degree 10 minutes 18 seconds West, 127 feet; thence North 89 degrees 49 minutes 42 seconds East 100 feet, thence South 0 degree 10 minutes 18 seconds East 127 feet to a point on the North right of way of Johnson Street, thence North 89 degrees 49 minutes 42 seconds East along the North right of way line of Johnson Street, 239.57 feet to the point of beginning. Subject to that part, if any, in street, roads or public rights of way.

(together, with all rights appurtenant thereto, the "Sebastian County Property").

25.     Original Lender property perfected its interest in the Sebastian Property by filing the Sebastian County Mortgage in the real property records of Sebastian County, Arkansas, on November 2, 2016, Instrument No. 2016-17428, and a true and correct copy of which is attached hereto and incorporated herein as Exhibit 7.

2401652-v1

26.     The Sebastian County Mortgage included an Assignment of Rents, pursuant to which PF Allied Gardens absolutely and unconditionally assigned to Original Lender all of its right, title, and interest in and to all current and future Leases and Rents (as defined therein) related to the Sebastian County Property. Original Lender recorded an Assignment of Leases and Rents with the Sebastian County Circuit Clerk on November 2, 2016, Instrument No. 2016-17429 (the "Sebastian County Assignment of Leases and Rents"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit 8.

27.     PF Allied Gardens also granted Original Lender a first-priority security interest in the Fixtures, Equipment, and Personal Property (as defined in the Sebastian County Mortgage) associated with the Sebastian County Property. *See* Exhibit 7, the Sebastian County Mortgage.

28.     The terms of the Sebastian County Mortgage required PF Allied Greens to comply with the terms of the Loan Agreement, Note, and other Loan Documents, as defined herein, and to make all payments required under the Loan Agreement and Note.

29.     The terms of the Sebastian County Mortgage further provided that, upon the occurrence of an Event of Default, as defined by the Loan Agreement, Original Lender and its successors and assigns may declare all indebtedness immediately due and payable, have a receiver appointed to take possession of all or any part of the property, rights, interests, and estates subject to their security interest, to enter upon and operate the Sebastian County Property preceding

9

foreclosure or sale, and to collect rents and receipt from the Sebastian County Property and apply the proceeds to payment of the indebtedness.

30.     To further secure the Note, PF Allied Gardens granted to Original Lender a first priority security interest in "[a]ll furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever . . . other than Fixtures, which are now or hereafter owned by Borrower and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof " (collectively, the "Sebastian County Personal Property").

31.     Original Lender properly perfected its first-priority interest in the Sebastian County Personal Property by filing a UCC Financing Statement with the Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580. A true and correct copy of the UCC Financing Statement for the Sebastian County Personal Property is attached hereto as Exhibit 5.

32.     Original Lender properly perfected its first priority interest in the fixtures included in the Sebastian County Property by filing a fixture filing in the real property records in Sebastian County, Arkansas on November 2, 2016, Instrument No. 2016-17430 (the "Sebastian County Fixture Filing").  A true and correct copy of the Sebastian County Fixture Filing is attached hereto and incorporated herein as Exhibit 9.

2401652-v1

33.     To further secure the Note, PF Northwest Acres executed a Mortgage and Security Agreement dated as of October 31, 2016, granting to Original Lender a first-priority mortgage interest in the real property and improvements located in Washington County, Arkansas, commonly known as 710 Union Drive, Springdale, Arkansas (the "Washington County Mortgage"), and more particularly described as follows:

> Part of the SE 1/4 of the NE 1/4 of Section 35, Township 18 North, Range 30 West, Washington County, Arkansas, described as follows, to-wit:  Beginning at a point 356.35 feet North of the SW corner of the SE 1/4 of the NE 1/4 of said Section 35, run thence North 633.65 feet to the centerline of Christian Avenue, thence East along and with the centerline of Christian Avenue 440 feet, thence South 633.65 feet, thence West 440 feet to the point of beginning.  Subject to the right of way of Christian Avenue on the North side thereof.

(together, with all rights appurtenant thereto, the "Washington County Property").

34.     Original Lender property perfected its interest in the Washington Property by filing the Washington County Mortgage in the real property records of Washington County, Arkansas, on November 2, 2016, Instrument No. 2016-00032626.  A true and correct copy of the Washington County Mortgage is attached hereto and incorporated herein as Exhibit 10.

35.     The Washington County Mortgage included an Assignment of Rents, pursuant to which PF Northwest Acres absolutely and unconditionally assigned to Original Lender all of its right, title, and interest in and to all current and future Leases and Rents (as defined therein) related to the Washington County Property. Lender recorded an Assignment of Leases and Rents with the Washington County Circuit Clerk on November 2, 2016, Instrument No. 2016-00032627 (the

"Washington County Assignment of Leases and Rents"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit 11.

36.     PF Northwest Acres also granted Original Lender a first-priority security interest in the Fixtures, Equipment, and Personal Property (as defined in the Washington County Mortgage) associated with the Washington County Property. *See* Exhibit 10, the Washington County Mortgage.

37.     The terms of the Washington County Mortgage required PF Northwest Acres to comply with the terms of the Loan Agreement, Note, and other Loan Documents, as defined herein, and to make all payments required under the Loan Agreement and Note.

38.     The terms of the Washington County Mortgage further provided that, upon the occurrence of an Event of Default, as defined by the Loan Agreement, Original Lender and its successors and assigns may declare all indebtedness immediately due and payable, have a receiver appointed to take possession of all or any part of the property, rights, interests, and estates subject to their security interest, to enter upon and operate the Washington County Property preceding foreclosure or sale, and to collect rents and receipts from the Washington County Property and apply the proceeds to payment of the indebtedness.

39.     To further secure the Note, PF Northwest Acres granted to Original Lender a first priority security interest in "All furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and

permits, and all other personal property of any kind or character whatsoever . . . other than Fixtures, which are now or hereafter owned by Borrower and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof " (collectively, the "Washington County Personal Property").

40.     Original Lender properly perfected its first-priority interest in the Washington County Personal Property by filing a UCC Financing Statement with the Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580.  A true and correct copy of the UCC Financing Statement for the Washington County Personal Property is attached hereto as Exhibit 5.

41.     Original Lender properly perfected its first priority interest in the fixtures included in the Washington County Property by filing a fixture filing in the real property records of Washington County, Arkansas on November 2, 2016, File No. 2016-00032628 (the "Washington County Fixture Filing").  A true and correct copy of the Washington County Fixture Filing is attached hereto and incorporated herein as Exhibit 12.

42.     The Loan Agreement, the Note, the Pulaski County Mortgage, the Sebastian County Mortgage, the Washington County Mortgage, and such other documents evidencing and securing the obligations under the Loan are collectively referred to herein as the "Loan Documents."

13

**Assignment of the Loan to Plaintiff**

43.     Plaintiff is the holder of the Note and owner of all of Original Lender's right, title, and interest in and to the Note, Loan Agreement, and the Loan Documents, including but not limited to the Pulaski County Mortgage, Pulaski County Assignment of Leases and Rents, Pulaski County Fixture Filing, Sebastian County Mortgage, Sebastian County Assignment of Leases and Rents, Sebastian County Fixture Filing, Washington County Mortgage, Washington County Assignment of Leases and Rents, Washington County Fixture Filing, and above-referenced UCC Financing Statement filing. Plaintiff is the assignee of and successor in interest to Original Lender, and it is entitled to enforce all rights granted to Original Lender under the Loan Documents. Original Lender executed and delivered to Plaintiff a certain General Assignment effective as of December 7, 2016, in which Original Lender assigned the Loan and Loan Documents to Plaintiff (the "General Assignment"). A true and correct copy of the General Assignment is attached as Exhibit 13.

44.     The Note was assigned to Plaintiff.  A true and correct copy of the Note and Allonge, endorsed in blank by Original Lender, is attached hereto as Exhibit 2. Plaintiff is the holder of the Note.

45.     The Pulaski County Mortgage was assigned to Plaintiff. An Assignment of the Pulaski County Mortgage was filed in the real property records of Pulaski County, Arkansas on February 1, 2017, Instrument No. 2017007492 (the "Assignment of Pulaski County Mortgage").  A true and correct copy of Assignment

14

of Pulaski County Mortgage is attached hereto and incorporated herein as
Exhibit 14.

46.     The Sebastian County Mortgage was also assigned to Plaintiff.  An
Assignment of the Sebastian County Mortgage was filed in the real property records
of Sebastian County, Arkansas on February 1, 2017, Instrument No. 2017-02254
(the "Assignment of Sebastian County Mortgage).  A true and correct copy of the
Assignment of Sebastian County Mortgage is attached hereto and incorporated
herein as Exhibit 15.

47.     The Washington County Mortgage was also assigned to Plaintiff.  An
Assignment of the Washington County Mortgage was filed in the real property
records of Washington County, Arkansas on March 6, 2017, Instrument No. 2017-
00006536 ("Assignment of Washington County Mortgage).  A true and correct copy
of the Assignment of Washington County Mortgage is attached hereto and
incorporated herein as Exhibit 16.

48.     In addition, Original Lender assigned the three Assignments of Leases
and Rents to Plaintiff. It executed an Assignment of Assignment of Leases and
Rents effective as of December 7, 2016, assigning the Pulaski County Assignment of
Leases and Rents to Plaintiff, which was filed in the real property records of Pulaski
County, Instrument No. 2017007493, and which is attached hereto and
incorporated herein as Exhibit 17. Original Lender executed an Assignment of
Assignment of Leases and Rents effective as of December 7, 2016, assigning the
Sebastian County Assignment of Leases and Rents to Plaintiff, which was filed in

the real property records of Sebastian County, Instrument No. 2017-02255, and

which is attached hereto and incorporated herein as Exhibit 18. Original Lender

executed an Assignment of Assignment of Leases and Rents effective as of

December 7, 2016, assigning the Washington County Assignment of Leases and

Rents to Plaintiff, which was filed in the real property records of Washington

County, Instrument No. 2017-00006537, and which is attached hereto and

incorporated herein as Exhibit 19.

   49. Original Lender also assigned the three Fixture Filings to Plaintiff.

Original Lender filed a UCC Financing Statement Amendment for the Pulaski

County Fixture Filing reflecting its assignment to Plaintiff in the real property

records of Pulaski County on February 1, 2017, Instrument No. 2017007494, and

which is attached hereto and incorporated herein as Exhibit 20. Original Lender

filed a UCC Financing Statement Amendment for the Sebastian County Fixture

Filing reflecting its assignment to Plaintiff in the real property records of Sebastian

County on May 19, 2021, Instrument No. 2021-12990, and which is attached hereto

and incorporated herein as Exhibit 21. Original Lender filed a UCC Financing

Statement Amendment for the Washington County Fixture Filing reflecting its

assignment to Plaintiff in the real property records of Washington County on

February 1, 2017, Instrument No. 2017-00003245, and which is attached hereto and

incorporated herein as Exhibit 22.

   50. Original Lender filed a UCC Financing Statement Amendment with

the Arkansas Secretary of State on March 10, 2017, Filing ID No. 40000144413071,

reflecting the assignment to Plaintiff of the interests covered by the previously recorded UCC Financing Statement. A copy is attached hereto and incorporated herein as Exhibit 23.

**Borrower's Breaches of the Loan Agreement**

51.     Borrower has failed to fulfill its obligations under the Loan Agreement by (1) failing to make required monthly payments of principal and interest as they became due and owing; (2) failing to deposit Rents (as defined therein) as required; (3) failing to provide certain financial statements and information to Plaintiff; and (4) failing to provide an accounting of Rents received.

52.     Borrower failed to pay the full Monthly Debt Service Payment Amount due and owing on November 6, 2020, as required by Section 2.3.1 of the Loan Agreement. This failure to make the required payment is an Event of Default under the Loan Agreement.

53.     Borrower failed to deposit all Rents received into the Clearing Account within one Business Day of receipt, as required by Section 2.7.1(b) of the Loan Agreement. Borrower failed to cure this breach within ten days of its receipt of notice from Plaintiff. This constitutes a further Event of Default under the Loan Agreement.

54.     Borrower failed to provide financial statements and information, and an Officer's Certificate, as required by Section 4.1.6 of the Loan Agreement. Borrower failed to provide year-end 2019 financial reporting, or financial reporting due for the periods ending June 30, 2020 and September 30, 2020, including rent

17

rolls for all properties. This constitutes an Event of Default. Further, the Guarantor for the Loan failed to timely provide the updated financial statements and other information required pursuant to Section 5.2 of the Guaranty of Recourse Obligations, for the year-end 2019 period as well as for the periods ending March 31, 2020, June 30, 2020 and September 30, 2020.

55.     Borrower failed to provide Plaintiff an accounting of all Rents received from July 25, 2017 through November 18, 2020 as directed by Plaintiff. The Loan Agreement required Borrower to furnish information regarding its operations at the properties and its financial affairs as reasonably required by Plaintiff, but Borrower failed to do so and failed to provide the information within the five business days required under Section 4.1.6(j). This constitutes a further Event of Default under the Loan Agreement.

56.     Plaintiff provided notice to Borrower of these Events of Default by letters dated November 18, 2020, December 4, 2020, and April 28, 2021. True and correct copies of these notices are attached hereto as Exhibits 24, 25, and 26.

57.     The April 28, 2021 notice further provided Borrower notice that Plaintiff had accelerated the Loan and demanded immediate payment of all principal, interest, and other outstanding indebtedness.

58.     In addition to the above, Borrower has failed to maintain the properties as agreed in the Loan Documents. Eight apartment units at the John Ashley Drive Property are unavailable for leasing due to unrepaired fire damage, water intrusion, or mold/microbial growth. The John Ashley Drive fire occurred

several years ago, yet Borrower has failed to make necessary repairs. And Borrower has removed or failed to replace fire extinguishers that are missing from this property.  Three apartment units at the Scott Hamilton Drive Property are unavailable for leasing to due unrepaired fire damage or unresolved mechanical problems. The Scott Hamilton Drive fire occurred approximately five years ago, yet Borrower has failed to make the necessary repairs. And Borrower has failed to replace or inspect fire extinguishers at this property as appropriate under customary safety standards. Borrowers' failure to maintain the Properties impairs Plaintiff's security interest.

**Conditions Precedent**

59.     All conditions precedent have occurred, have been performed, or have been waived.

**Count One – Breach of Contract**

60.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

61.     Certain events have occurred which constitute events of default under the Loan Agreement and the other Loan Documents.  These events of default include, but are not limited to, the following: (1) failing to make required monthly payments of principal and interest as they became due and owing; (2) failing to deposit Rents as required; (3) failing to provide financial statements and information; and (4) failing to provide an accounting of Rents received as required by Plaintiff.

62.     If any payment required under the Note is not paid when due, or any other Event of Default occurs, the Debt (as defined in the Loan Agreement) shall, at Plaintiff's option, become immediately due and payable. As noted above, Plaintiff accelerated the Loan, making all amounts owed under it immediately due and payable.

63.     The Loan Documents further provide for accrual of default interest at the Default Rate (as defined by the Loan Agreement) upon an Event of Default and while such event remains outstanding. Loan Agreement § 2.2.2.

64.     The Loan Documents further provide for assessment of a late payment charge equal to the lesser of five percent or the maximum amount permitted by applicable law if any principal, interest, or other sum due under the Loan Documents, is not paid by Borrower on or prior to the date on which it is due. Loan Agreement § 2.3.4.

65.     The Loan Documents further provide that Plaintiff may assess a fee of $5000 upon the occurrence of a failure by Borrower to provide financial statements and information required under the Loan Agreement and for each 30-day period thereafter in which Borrower fails to provide the requested financial statements and other information. Loan Agreement § 4.1.6(k).

66.     The Events of Default constitute breaches of the Loan Documents by Borrower.

67.     Borrower's failure to provide the required financial statements and information or an accounting of Rents has made the Debt (as defined therein) fully recourse to Borrower under Section 11.22 of the Loan Agreement.

68.     The Borrower entities' liability under the Loan Agreement is joint and several. Loan Agreement § 11.25.1.

69.     Plaintiff has performed all conditions, covenants, and obligations on its part to be performed under the Loan Documents.

70.     As of November 6, 2021, the total balance due and owing to Plaintiff under the Loan Documents is $21,005,548.29,consisting of a principal balance in the amount of $17,186,725.58, accrued interest in the amount of $482,432.70 in interest at the regular note rate and $923,529.67 in default interest, late fees in the amount of $102,679.46, reporting-default fees in the amount of $110,000, special-servicing fees in the amount of $53,022.06, liquidation fees of $217,427.18, property-protection advances in the amount of $41,359.50, interest on advances in the amount of $4,274.71, and yield-maintenance premium of $2,948,694.60, less $18,387.91 in tax escrow and $1,064,597.16 in reserves.  Interest continues to accrue at the rate of $4,932.92 per day, comprised of $2,291.26 per day at the regular note rate and an additional $2,641.66 per day at the default rate.

71.     Attorneys' fees and legal costs have also been incurred and will continue to accrue throughout the remainder of this case.  Under the Loan Documents, Borrower is are liable for all attorneys' fees and costs incurred by Plaintiff in enforcing its rights under the Loan Documents.

72.     As a direct and proximate result of Borrower's breach of the Loan Documents, Plaintiff has been damaged in an amount equal to but not less than $21,005,548.29, plus accruing interest and fees.

73.     Plaintiff is entitled to an *in personam* judgment against, PF Jefferson Manor, PF Terrace Green, PF Allied Gardens, and PF Northwest Acres, jointly and severally, in an amount equal to but not less than $21,005,548.29, plus accruing interest and fees, post-judgment interest, costs, and attorneys' fees.

## **Count Two – Replevin**

74.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

75.     Plaintiff has a properly perfected first-priority security interest in and to the Pulaski County Personal Property, the Sebastian County Personal Property, and the Washington County Personal Property.

76.     Any interest of PF Jefferson Manor, PF Terrace Green, PF Allied Gardens, and PF Northwest Acres in the Pulaski County Personal Property, the Sebastian County Personal Property, and the Washington County Personal Property is inferior to the interest of Plaintiff.

77.     Plaintiff is entitled to a judgment *in rem* as to the Pulaski County Personal Property, the Sebastian County Personal Property, and the Washington County Personal Property in an amount equal to the balance stated above, plus accruing interest and fees, post-judgment interest, attorneys' fees, and all collection costs incurred by Plaintiff, as provided in the Loan Documents.

78.     Plaintiff, or its assignee, is entitled to an order of delivery so that it may take immediate possession of the Pulaski County Personal Property, the Sebastian County Personal Property, and the Washington County Personal Property so that it can be applied to the debt or sold in accordance with the provisions of the Uniform Commercial Code or by foreclosure sale with the corresponding real property and improvements as set forth below, with proceeds, after costs of the sale, applied to the debt.

### Count Three – Foreclosure

79.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

80.     Plaintiff has a properly perfected first-priority mortgage lien in and to the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

81.     Any interest of PF Jefferson Manor, PF Terrace Green, PF Allied Gardens, and PF Northwest Acres in the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property is inferior to the interest of Plaintiff.

82.     Plaintiff is entitled to a judgment *in rem* as to the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property in an amount not less than $21,005,548.29, plus accruing interest and fees, post-judgment interest, attorneys' fees, and all costs incurred by Plaintiff, as provided in the Loan Documents.

2401652-v1

83.     Plaintiff, or its assignee, is entitled to a decree of foreclosure to foreclose its interest in and to the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

84.     If the judgment awarded herein is not paid within ten (10) days of the entry of the judgment and decree of foreclosure, Plaintiff is entitled to foreclose and sell the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property by judicial sales to satisfy the judgment.  Plaintiff seeks the appointment of a Commissioner or Commissioners to conduct the sales of the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.  The foreclosure sales should be held for cash or credit terms up to ninety (90) days following the date of sale or as otherwise allowed by Arkansas law, except as to Plaintiff, or its assignee, either of which is entitled to offset bid against the judgment awarded herein.  Plaintiff further seeks to sell the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property to the highest bidder with prompt performance due, but if performance is not made, Plaintiff, or its assignee, seeks entitlement to enforce performance or to take the second highest bid (and so on until the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property are sold to a bidder), or, if no second highest bid exists as to the John Ashley Drive Property, the Scott Hamilton Drive

2401652-v1

Property, the Sebastian County Property, and the Washington County Property, to reschedule a sale without further notice.

85.     Plaintiff, or its assignee, is entitled to a writ of assistance if possession of the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property are not relinquished upon entry of judgment herein and asks the Court to retain jurisdiction to issue a writ of assistance so that Plaintiff, its assignee, and/or any purchaser at the foreclosure sale can gain possession of the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

86.     The foreclosure sale proceeds will be applied to the judgment awarded herein after payment of the fees to the Commissioners appointed to sell the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

## **Count Four – Immediate Appointment of a Receiver**

87.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

88.     Plaintiff holds a first-priority mortgage interest in and to the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

89.     Plaintiff has a protectable interest in the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and the Washington County Property.

90.     Borrower and the Guarantor have flouted their obligations under the Loan Agreement and other Loan Documents. They have failed and refused to turn over financial statements and other information they expressly agreed to when they signed the Loan Documents for this $18.5 Million loan. Borrower has failed to deposit Rents into the Clearing Account, a critical requirement assuring Plaintiff that revenues from operating the properties will be used to service the Debt. Even after receiving notices of default, Borrower and Guarantor have failed to correct course and provide Plaintiff the lender's bargained-for protections under the Loan. This conduct impairs Plaintiff's security and necessitates the Court's intervention.

91.     Further, Borrower has failed to maintain the properties as described above, further impairing Plaintiff's security and requiring appointment of a receiver to repair and restore the properties.

92.     Borrower has agreed to the relief requested. Pursuant to the terms of the Pulaski County Mortgage, Sebastian County Mortgage, and Washington County Mortgage, upon the default of Borrower, Plaintiff has the right to apply of the appointment of a receiver to take possession and operate the properties in accordance with Arkansas law. Specifically, Borrower agreed that Plaintiff may, upon occurrence and during the continuance of an Event of Default, and in

Plaintiff's sole discretion, apply for appointment of a receiver without regard for the adequacy of the security for the Debt. See Mortgages at § 7.1(g).

93.     Plaintiff is entitled to immediate appointment of a receiver to protect, possess, control, manage, and operate the John Ashley Drive Property, the Scott Hamilton Drive Property, the Sebastian County Property, and Washington County Property, and related Pulaski County Personal Property, Sebastian County Personal Property, and Washington County Personal Property, to abide by the terms of the Loan Documents, and to perform all other acts permitted by Arkansas law and the Loan Documents, or as the Court directs.

94.     Contemporaneous with the filing of this Complaint, Plaintiff is submitting a separate motion seeking the immediate appointment of a receiver in which the proposed receiver and terms are set forth.

WHEREFORE, Plaintiff Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS12, Commercial Mortgage Pass-Through Certificates, Series 2016-UBS12 prays that all relief sought in its Complaint be granted, that it be awarded its legal fees and costs pursuant to the Loan Documents, and that all other relief to which it is entitled be awarded.

2401652-v1

## <u>VERIFICATION</u>

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

I, Kaveh Saberi, Vice President of Asset Management for Rialto Capital
Advisors LLC, as special servicer on behalf of Wells Fargo Bank, National
Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS12,
Commercial Mortgage Pass-Through Certificates, Series 2016-UBS12, do hereby
state, under oath, that the facts and information set forth in the foregoing Verified
Complaint are true and correct to the best of my knowledge, information, and belief.

By: _____

       Kaveh Saberi
       Vice President
       Rialto Capital Advisors LLC

Date: __12/7/2021_____

IN WITNESS WHEREOF, I hereunto set my hand and official seal this
__7ᵗʰ__ day of December, 2021.

_____
Notary Public

My Commission Expires:

__8/14/2022_____



NICHOLAS POWELL
State of Florida-Notary Public
Commission # GG 248658
My Commission Expires
August 14, 2022

1726281-v1

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jmoss@wlj.com
       jfair@wlj.com


By: */s/Jaimie G. Moss*
    Jaimie G. Moss
    Jacob P. Fair (2015167)

    *Attorneys for Plaintiff Wells Fargo Bank,
    National Association, as Trustee for
    Morgan Stanley Capital I Trust 2016-
    UBS12, Commercial Mortgage Pass-
    Through Certificates, Series 2016-UBS12*

2401652-v1