**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 8 2023

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**WELLS FARGO BANK,
NATIONAL ASSOCIATION,
AS TRUSTEE FOR MORGAN STANLEY
CAPITAL I TRUST 2016-UBS12,
COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2016-UBS12**                                    **PLAINTIFF**

**v.**                          **CASE NO. 4:22-CV-180-BSM**

**PF ALLIED GARDENS LLC;
PF JEFFERSON MANOR LLC;
PF NORTHWEST ACRES LLC;
PF TERRACE GREEN LLC;
CHAIM PURETZ; and
BOHN, INC. d/b/a LANGENWALTER
CARPET CARE**

                                               **DEFENDANTS**

**AMENDED COMPLAINT FOR BREACH OF CONTRACT,
FORECLOSURE, REPLEVIN, BREACH OF GUARANTY
AND OTHER RELIEF**

Plaintiff Wells Fargo Bank, National Association, as Trustee for Morgan

Stanley Capital I Trust 2016-UBS12, Commercial Mortgage Pass-Through

Certificates, Series 2016-UBS12 ("Plaintiff"), for its Amended Complaint for Breach

of Contract, Foreclosure, Replevin, Breach of Guaranty, and Other Relief, against

Defendants PF Jefferson Manor LLC ("PF Jefferson Manor"), PF Terrace Green

LLC ("PF Terrace Green"), PF Allied Gardens LLC ("PF Allied Gardens"), PF

Northwest Acres LLC ("PF Northwest Acres," and collectively with PF Jefferson

Manor, PF Terrace Green, and PF Allied Gardens, the "Borrowers"), Chaim Puretz, and Bohn, Inc. d/b/a Langenwalter Carpet Care, states:

## The Parties, Jurisdiction, and Venue

1.      Plaintiff is a national banking association chartered under the laws of the United States of America and is a citizen of the State of South Dakota.

2.      Plaintiff is the holder of a promissory note executed by the Borrowers and secured by a first-priority mortgage interest in several real properties located in Pulaski County, Arkansas, Sebastian County, Arkansas, and Washington County, Arkansas.

3.      Plaintiff initially filed this action naming only the Borrowers as Defendants on December 7, 2021 in the Circuit Court of Pulaski County, Arkansas.

4.      On February 25, 2022, the Borrowers removed this action to this Court by filing a Notice of Removal (ECF No. 1) based on diversity of citizenship (the "Notice of Removal").  Based on Borrowers' averments in the paragraph 4 of the Notice of Removal, none of the individuals or corporate entities holding the direct or indirect membership interests in any of the Borrowers are citizens of, or domiciled in, the State of South Dakota.

5.      Defendant PF Jefferson Manor is an Arkansas limited liability company whose status has been revoked by the State of Arkansas as of April, 2023, if not earlier.  PF Jefferson Manor's sole member is PF Arkansas Portfolio LLC, a Delaware limited liability company.

2

6.      PF Arkansas Portfolio LLC's members are: (1) Pure Little Rock LLC, an Arkansas limited liability company; (2) Pure Springdale LLC, an Arkansas limited liability company; (3) Pure El Dorado LLC, an Arkansas limited liability company; (4) PF Arkansas Holdings LLC, an Arkansas limited liability company; (5) Shilo Arkansas LLC, an Arkansas limited liability company; and (6) Pure Fort Smith LLC, an Arkansas limited liability company.

7.      Pure Little Rock LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; (2) N&S Ark Holdings LLC, a New Jersey limited liability company whose sole member is Nate Hyman, an individual who, on information and belief, is a citizen of the State of New Jersey; and (3) David Metzger, an individual who, on information and belief is not a citizen of the State of South Dakota.

8.      Pure Springdale LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; (2) Schoolhouse Road Estates Inc., a New York not-for-profit corporation with its principal place of business located, on information and belief, in Brooklyn, New York; (3) Bais Shmuel Inc., a New Jersey not-for-profit corporation with its principal place of business located, on information and belief, in Adelphia, New Jersey; (4) United Educational & Humanitarian Centers Inc., which, on information and belief, is a New York not-for-profit corporation with its principal place of business located in Brooklyn, New York; and

(5) Mattersdorf Org., also known as United International Mattersdorf Organizations which, on information and belief, is an unincorporated religious organization located in Brooklyn, New York and none of its members are citizens of the State of South Dakota.

9.     Pure El Dorado LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; (2) H&R International Property Inc. which, on information and belief, is a corporation that is not incorporated in the State of South Dakota and does not have its principal place of business in the State of South Dakota; and (3) IVR Holdings Inc., a New York corporation with its principal place of business located in New York, New York.

10.     PF Arkansas Holdings LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; (2) Schampointe LLC, a New Jersey limited liability company whose sole member is Aron Puretz, an individual and a citizen of either the State of New Jersey or the State of New York; (3) Josef Zeiger, an individual who, on information and belief, is not a citizen of the State of South Dakota; and (4) Lalzer Sorotzkin, an individual who, on information and belief, is not a citizen of the State of South Dakota.

11.     Shilo Arkansas LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; (2) Yeshaya Baddiel, an

4

individual who, on information and belief, is not a citizen of the State of South Dakota; (3) Moishe Brunner, an individual who, on information and belief, is not a citizen of the State of South Dakota; and (4) ILAS LLC, a limited liability company the sole member of which is Stephen York who, on information and belief, is not a citizen of the State of South Dakota.

12.     Pure Fort Smith LLC's members are: (1) Pure PF Arkansas LLC, an Arkansas limited liability company the sole member of which is Chaim Puretz, an individual and a citizen of the State of New York; and (2) Pells Shmuel who, on information and belief, is not a citizen of the State of South Dakota.

13.     Defendant PF Terrace Green is an Arkansas limited liability company whose status has been revoked by the State of Arkansas as of April, 2023, if not earlier.  PF Terrace Green's sole member is PF Arkansas Portfolio, LLC, a Delaware limited liability company.  The citizenship of the persons and entities holding the direct and indirect membership interests in PF Arkansas Portfolio, LLC are set forth above.

14.     Defendant PF Allied Gardens is an Arkansas limited liability company.  PF Allied Gardens's sole member is PF Arkansas Portfolio, LLC, a Delaware limited liability company.  The citizenship of the persons and entities holding the direct and indirect membership interests in PF Arkansas Portfolio, LLC are set forth above.

15.     Defendant PF Northwest Acres is an Arkansas limited liability company whose status has been revoked by the State of Arkansas as of April, 2023,

if not earlier. On information and belief, PF Northwest Acres's sole member is PF Arkansas Portfolio, LLC, a Delaware limited liability company. The citizenship of the persons and entities holding the direct and indirect membership interests in PF Arkansas Portfolio, LLC are set forth above.

16.     Defendant Chaim Puretz (the "Guarantor") is an individual and a citizen of the State of New York residing at 12 Raymond Avenue, Spring Valley, New York 10977.

17.     Defendant Bohn, Inc. d/b/a Langenwalter Carpet Care ("Bohn, Inc.") is a corporation organized under the laws of the State of Arkansas with its principal place of business located in Little Rock, Arkansas.

18.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as this suit is between citizens of different states and the amount in controversy exceeds $75,000.00.

19.     This action concerns real property located in Pulaski County, Arkansas, Sebastian County, Arkansas, and Washington County, Arkansas. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this Court is the United States District Court for the district and division where one or more of the real properties that are the subject of this action is located.

## Background & Facts

20.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

**The Loan**

21.     On or about October 31, 2016, UBS AG ("Original Lender") made a loan to Borrowers in the original principal amount of $18,500,000 (the "Loan"), the terms of which are set forth in a Loan Agreement dated as of October 31, 2016 between Borrowers and Original Lender (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto and incorporated herein as Exhibit 1. Plaintiff is successor in interest to Original Lender and holds all of its right, title, and interest in and to the Loan and the Loan Documents, as defined herein.

22.     Borrowers executed a promissory note (the "Note") payable to the order of Original Lender in the original principal amount of $18,500,000. A true and correct copy of the Note, with Allonge, is attached hereto and incorporated herein as Exhibit 2.

23.     Under the terms of the Loan Agreement and the Note, Borrowers are required to make monthly payments equal to the Monthly Debt Service Payment Amount, which, as defined by the Loan Agreement, is $96,449.01. Exhibit 1, Loan Agreement, at § 2.3.1.

24.     Borrowers own and operate apartment complexes in Pulaski County, Sebastian County, and Washington County, Arkansas.

25.     To secure the Note, PF Jefferson Manor and PF Terrace Green executed a Mortgage and Security Agreement dated as of October 31, 2016, pursuant to which PF Jefferson Manor and PF Terrace Green, respectively, granted to Original Lender a first-priority mortgage interest in the real property and

7

improvements located in Pulaski County, Arkansas (the "Jefferson Manor and

Terrace Green Mortgage"): (1) the real property and improvements commonly

known as 2600 John Ashley Drive, Little Rock, Arkansas and more particularly

described as follows:

**PF JEFFERSON MANOR LLC**

Lots "A" and "B" in Pike Plaza Heights Subdivision of North Little Rock, Arkansas, more particularly described as: A tract of land in the W 1/2 of the SE 1/4 of the NE 1/4, Section 28, Township 2 North, Range 12 West, Pulaski County, Arkansas: Commencing at the Northeast corner of said W 1/2 of the SE 1/4 of the NE 1/4; thence South 0 degrees 53 minutes East along the East line of said W 1/2 of the SE 1/4 of the NE 1/4 300.0 feet to the point of beginning; thence continue South 0 degrees 53 minutes East 699.4 feet to a point; thence North 89 degrees 46 minutes West 662.76 feet to a point; thence North 0 degrees 53 minutes West 651.40 feet to a point; thence North 84 degrees 03 minutes East 482.10 feet to a point; thence South 88 degrees 54 minutes East 180 feet to the point beginning; LESS AND EXCEPT the right-of-way of Ashley Street which is more particularly described as commencing at the Northeast corner of the W 1/2 of the SE 1/4 of the NE 1/4; thence South 0 degrees 53 minutes East along the East line of the W 1/2 of the SE 1/4 of the NE 1/4 300 feet to a point; thence North 88 degrees 54 minutes West 130 feet to a point on the East line of Ashley Street; thence South 0 degrees 53 minutes East along the East right-of-way line of Ashley Street 274.40 feet, thence around an arc to the left, or East, having a radius of 50 feet which is subtended by a chord having a length of 71.20 feet and bearing of South 0 degrees 53 minutes East, thence continue South 0 degrees 53 minutes East 355.76 feet to a point; thence North 89 degrees 46 minutes West 50 feet to a point on the West right-of-way line of Ashley Street; thence North 0 degrees 53 minutes West 344.17 feet; thence around an arc to the left, or West, having a radius of 50 feet which is subtended by a chord having a length of 95.35 feet and a bearing of North 0 degrees 53 minutes West, thence North 0 degrees 53 minutes West 262.4 feet to a point ; thence South 88 degrees 54 minutes East to the point of beginning of the right-of-way of Ashley Street.

(together, with all rights appurtenant thereto, the "Jefferson Manor Property"); and

(2) the real property and improvements commonly known as 8223 Scott Hamilton

Drive, Little Rock, Arkansas, and more particularly described as follows:

**PF TERRACE GREEN LLC**

Part of the NW1/4 NW1/4 SE1/4, Section 32, Township 1 North, Range 12 West, Pulaski County, Arkansas, more particularly described as: Beginning at the Southeast corner of the said NW1/4 NW1/4 SE1/4; thence North 89 degrees 32 minutes West along the South line of said NW1/4 NW1/4 SE1/4 639.4 feet to a point on the East line of Fourche Road; thence North 2 degrees 26 minutes East along the East line of said Fourche Road 455.0 feet; thence South 72 degrees 34 minutes East 29.9 feet to the point of curvature of a curve to the left; thence along said curve to the left a chord bearing of South 81 degrees 04 minutes East a distance of 93.9 feet to the point of tangency of said curve; thence South 89 degrees 32 minutes East parallel to the South line of said NW1/4 NW1/4 SE1/4 488.0 feet to a point on the East line of said NW1/4 NW1/4 SE1/4; thence South 1 degree 19 minutes East along said East line 432.0 feet to the point of beginning.

(together, with all rights appurtenant thereto, the "Terrace Green Property").

26.     Original Lender properly perfected its interest in the Jefferson Manor Property and Terrace Green Property by filing the Jefferson Manor and Terrace Green Mortgage in the real property records of Pulaski County, Arkansas, on November 2, 2016, Instrument No. 2016069571. A true and correct copy of the Jefferson Manor and Terrace Green Mortgage is attached hereto and incorporated herein as Exhibit 3.

27.     The Jefferson Manor and Terrace Green Mortgage included an Assignment of Rents, pursuant to which PF Jefferson Manor and PF Terrace Green absolutely and unconditionally assigned to Original Lender all of their right, title, and interest in and to all current and future Leases and Rents (as defined therein) related to the Jefferson Manor Property and the Terrace Green Property. In addition, PF Jefferson Manor and PF Terrace Green executed an Assignment of Leases and Rents for the benefit of Original Lender, which Original Lender recorded with the Pulaski County Circuit Clerk on November 2, 2016, Instrument

No. 2016069572 (the "Jefferson Manor and Terrace Green ALR"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit 4.

28.     PF Jefferson Manor and PF Terrace Green also granted Original Lender a first-priority security interest in the Fixtures, Equipment, and Personal Property (as defined in the Jefferson Manor and Terrace Green Mortgage) associated with the Jefferson Manor Property and the Terrace Green Property.  *See* Exhibit 3, the Jefferson Manor and Terrace Green Mortgage.

29.     The terms of the Jefferson Manor and Terrace Green Mortgage required PF Jefferson Manor and PF Terrace Green to comply with the terms of the Loan Agreement, Note, and other Loan Documents, as defined herein, and to make all payments required under the Loan Agreement and Note.

30.     The terms of the Jefferson Manor and Terrace Green Mortgage further provided that, upon the occurrence of an Event of Default, as defined by the Loan Agreement, Original Lender and its successors and assigns may declare all indebtedness immediately due and payable, have a receiver appointed to take possession of all or any part of the property, rights, interests, and estates subject to their security interest, to enter upon and operate the Jefferson Manor Property and Terrace Green Property preceding foreclosure or sale, and to collect rents and receipts from the Jefferson Manor Property and Terrace Green Property and apply the proceeds to payment of the indebtedness.

31.     To further secure the Note, PF Jefferson Manor and PF Terrace Green granted to Original Lender a first priority security interest in "[a]ll furniture,

furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever . . . , other than Fixtures, which are now or hereafter owned by Borrower and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof" (collectively, the "Jefferson Manor and Terrace Green Personal Property").

32.     Original Lender properly perfected its first-priority interest in the Jefferson Manor and Terrace Green Personal Property by filing a UCC Financing Statement with the Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580.  A true and correct copy of the UCC Financing Statement for the Jefferson Manor and Terrace Green Personal Property (and for the Allied Gardens Personal Property and Northwest Acres Personal Property (as defined herein)) is attached hereto and incorporated herein as Exhibit 5.

33.     Original Lender properly perfected its first priority interest in the fixtures included in the Jefferson Manor Property and Terrace Green Property by filing a fixture filing in the real property records of Pulaski County, Arkansas on November 2, 2016, Instrument No. 2016069573 (the "Jefferson Manor and Terrace Green Fixture Filing").  A true and correct copy of the Jefferson Manor and Terrace Green Fixture Filing is attached hereto and incorporated herein as Exhibit 6.

11

34.     To further secure the Note, PF Allied Gardens executed a Mortgage and Security Agreement dated as of October 31, 2016 granting to Original Lender a first-priority mortgage interest in the real property and improvements located in Sebastian County, Arkansas, commonly known as 5221 Johnson Street, Fort Smith, Arkansas (the "Allied Gardens Mortgage"), and more particularly described as follows:

> A part of the Southwest Quarter of the Northeast Quarter of Section 2, Township 8 North, Range 32 West, Fort Smith, Sebastian County, Arkansas, being more particularly described as follows: Beginning at the Southeast corner of said Southwest Quarter of the Northeast Quarter; thence North along the East line of said Southwest Quarter of the Northeast Quarter, 25.01 feet to the point of beginning, thence North along the East line of said Southwest Quarter of the Northeast Quarter, 955.75 feet, thence North 89 degrees 55 minutes 27 seconds West, 654.59 feet, thence South 01 degrees 10 minutes 28 seconds West, 958.85 feet to a point on the North right of way line of Johnson Street, thence North 89 degrees 49 minutes 42 seconds East along the North right of way line of Johnson Street, 334.67 feet, thence North 0 degree 10 minutes 18 seconds West, 127 feet; thence North 89 degrees 49 minutes 42 seconds East 100 feet, thence South 0 degree 10 minutes 18 seconds East 127 feet to a point on the North right of way of Johnson Street, thence North 89 degrees 49 minutes 42 seconds East along the North right of way line of Johnson Street, 239.57 feet to the point of beginning, Subject to that part, if any, in street, roads or public rights of way.

(together, with all rights appurtenant thereto, the "Allied Gardens Property").

35.     Original Lender property perfected its interest in the Allied Gardens Property by filing the Allied Gardens Mortgage in the real property records of Sebastian County, Arkansas, on November 2, 2016, Instrument No. 2016-17428, and a true and correct copy of which is attached hereto and incorporated herein as Exhibit 7.

36.     The Allied Gardens Mortgage included an Assignment of Rents, pursuant to which PF Allied Gardens absolutely and unconditionally assigned to Original Lender all of its right, title, and interest in and to all current and future

Leases and Rents (as defined therein) related to the Allied Gardens Property. Original Lender recorded an Assignment of Leases and Rents with the Sebastian County Circuit Clerk on November 2, 2016, Instrument No. 2016-17429 (the "Allied Gardens ALR"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit 8.

37.  PF Allied Gardens also granted Original Lender a first-priority security interest in the Fixtures, Equipment, and Personal Property (as defined in the Allied Gardens Mortgage) associated with the Allied Gardens Property. *See* Exhibit 7, the Allied Gardens Mortgage.

38.  The terms of the Allied Gardens Mortgage required PF Allied Gardens to comply with the terms of the Loan Agreement, Note, and other Loan Documents, as defined herein, and to make all payments required under the Loan Agreement and Note.

39.  The terms of the Allied Gardens Mortgage further provided that, upon the occurrence of an Event of Default, as defined by the Loan Agreement, Original Lender and its successors and assigns may declare all indebtedness immediately due and payable, have a receiver appointed to take possession of all or any part of the property, rights, interests, and estates subject to their security interest, to enter upon and operate the Allied Gardens Property preceding foreclosure or sale, and to collect rents and receipts from the Allied Gardens Property and apply the proceeds to payment of the indebtedness.

40.     To further secure the Note, PF Allied Gardens granted to Original Lender a first priority security interest in "[a]ll furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever . . . other than Fixtures, which are now or hereafter owned by Borrower and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof " (collectively, the "Allied Gardens Personal Property").

41.     Original Lender properly perfected its first-priority interest in the Allied Gardens Personal Property by filing a UCC Financing Statement with the Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580. A true and correct copy of the UCC Financing Statement for the Allied Gardens Personal Property is attached hereto as Exhibit 5.

42.     Original Lender properly perfected its first priority interest in the fixtures included in the Allied Gardens Property by filing a fixture filing in the real property records in Sebastian County, Arkansas on November 2, 2016, Instrument No. 2016-17430 (the "Allied Gardens Fixture Filing").  A true and correct copy of the Allied Gardens Fixture Filing is attached hereto and incorporated herein as Exhibit 9.

43.     To further secure the Note, PF Northwest Acres executed a Mortgage and Security Agreement dated as of October 31, 2016, granting to Original Lender a

14

first-priority mortgage interest in the real property and improvements located in

Washington County, Arkansas, commonly known as 710 Union Drive, Springdale,

Arkansas (the "Northwest Acres Mortgage"), and more particularly described as

follows:

> Part of the SE 1/4 of the NE 1/4 of Section 35, Township 18 North, Range 30 West, Washington County, Arkansas, described as follows, to-wit: Beginning at a point 356.35 feet North of the SW corner of the SE 1/4 of the NE 1/4 of said Section 35, run thence North 633.65 feet to the centerline of Christian Avenue, thence East along and with the centerline of Christian Avenue 440 feet, thence South 633.65 feet, thence West 440 feet to the point of beginning. Subject to the right of way of Christian Avenue on the North side thereof.

(together, with all rights appurtenant thereto, the "Northwest Acres Property").

44.     Original Lender property perfected its interest in the Northwest Acres

Property by filing the Northwest Acres Mortgage in the real property records of

Washington County, Arkansas, on November 2, 2016, Instrument No. 2016-

00032626.  A true and correct copy of the Northwest Acres Mortgage is attached

hereto and incorporated herein as Exhibit 10.

45.     The Northwest Acres Mortgage included an Assignment of Rents,

pursuant to which PF Northwest Acres absolutely and unconditionally assigned to

Original Lender all of its right, title, and interest in and to all current and future

Leases and Rents (as defined therein) related to the Northwest Acres Property.

Lender recorded an Assignment of Leases and Rents with the Washington County

Circuit Clerk on November 2, 2016, Instrument No. 2016-00032627 (the "Northwest

Acres ALR"), a true and correct copy of which is attached hereto and incorporated

herein as Exhibit 11.

46.     PF Northwest Acres also granted Original Lender a first-priority
security interest in the Fixtures, Equipment, and Personal Property (as defined in
the Northwest Acres Mortgage) associated with the Northwest Acres Property. *See*
Exhibit 10, the Northwest Acres Mortgage.

47.     The terms of the Northwest Acres Mortgage required PF Northwest
Acres to comply with the terms of the Loan Agreement, Note, and other Loan
Documents, as defined herein, and to make all payments required under the Loan
Agreement and Note.

48.     The terms of the Northwest Acres Mortgage further provided that,
upon the occurrence of an Event of Default, as defined by the Loan Agreement,
Original Lender and its successors and assigns may declare all indebtedness
immediately due and payable, have a receiver appointed to take possession of all or
any part of the property, rights, interests, and estates subject to their security
interest, to enter upon and operate the Northwest Acres Property preceding
foreclosure or sale, and to collect rents and receipts from the Northwest Acres
Property and apply the proceeds to payment of the indebtedness.

49.     To further secure the Note, PF Northwest Acres granted to Original
Lender a first priority security interest in "All furniture, furnishings, objects of
art, machinery, goods, tools, supplies, appliances, general intangibles, contract
rights, accounts, accounts receivable, franchises, licenses, certificates and
permits, and all other personal property of any kind or character whatsoever . . .
other than Fixtures, which are now or hereafter owned by Borrower and which

are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof" (collectively, the "Northwest Acres Personal Property").

50.     Original Lender properly perfected its first-priority interest in the Northwest Acres Personal Property by filing a UCC Financing Statement with the Arkansas Secretary of State on November 2, 2016, Filing ID No. 40000137857580. A true and correct copy of the UCC Financing Statement for the Northwest Acres Personal Property is attached hereto as Exhibit 5.

51.     Original Lender properly perfected its first priority interest in the fixtures included in the Northwest Acres Property by filing a fixture filing in the real property records of Washington County, Arkansas on November 2, 2016, File No. 2016-00032628 (the "Northwest Acres Fixture Filing"). A true and correct copy of the Northwest Acres Fixture Filing is attached hereto and incorporated herein as Exhibit 12.

52.     In connection with the Loan, the Guarantor executed and delivered a Guaranty of Recourse Obligations in favor of Original Lender dated as of October 31, 2016 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit 27.

53.     The Loan Agreement, the Note, the Jefferson Manor and Terrace Green Mortgage, the  Allied Gardens Mortgage, the Northwest Acres Mortgage, the Guaranty, and such other documents evidencing and securing the obligations under the Loan are collectively referred to herein as the "Loan Documents."

**Assignment of the Loan to Plaintiff**

54.     Plaintiff is the holder of the Note and owner of all of Original Lender's right, title, and interest in and to the Note, Loan Agreement, Guaranty, and the other Loan Documents, including but not limited to the Jefferson Manor and Terrace Green Mortgage, Jefferson Manor and Terrace Green ALR, Jefferson Manor and Terrace Green Fixture Filing, Allied Gardens Mortgage, Allied Gardens ALR, Allied Gardens Fixture Filing, Northwest Acres Mortgage, Northwest Acres ALR, Northwest Acres Fixture Filing, and the above-referenced UCC Financing Statement filings. Plaintiff is the assignee of and successor in interest to Original Lender, and it is entitled to enforce all rights granted to Original Lender under the Loan Documents. Original Lender executed and delivered to Plaintiff a certain General Assignment effective as of December 7, 2016, in which Original Lender assigned the Loan and Loan Documents to Plaintiff (the "General Assignment"). A true and correct copy of the General Assignment is attached as Exhibit 13.

55.     The Note was assigned to Plaintiff.  A true and correct copy of the Note and Allonge, endorsed in blank by Original Lender, is attached hereto as Exhibit 2. Plaintiff is the holder of the Note.

56.     The Jefferson Manor and Terrace Green Mortgage was assigned to Plaintiff. An Assignment of the Jefferson Manor and Terrace Green Mortgage was filed in the real property records of Pulaski County, Arkansas on February 1, 2017, Instrument No. 2017007492 (the "Assignment of Jefferson Manor and Terrace

Green Mortgage"). A true and correct copy of Assignment of Jefferson Manor and Terrace Green Mortgage is attached hereto and incorporated herein as Exhibit 14.

57.     The Allied Gardens Mortgage was also assigned to Plaintiff. An Assignment of the Allied Gardens Mortgage was filed in the real property records of Sebastian County, Arkansas on February 1, 2017, Instrument No. 2017-02254 (the "Assignment of Allied Gardens Mortgage"). A true and correct copy of the Assignment of Allied Gardens Mortgage is attached hereto and incorporated herein as Exhibit 15.

58.     The Northwest Acres Mortgage was also assigned to Plaintiff. An Assignment of the Northwest Acres Mortgage was filed in the real property records of Washington County, Arkansas on March 6, 2017, Instrument No. 2017-00006536 ("Assignment of Northwest Acres Mortgage"). A true and correct copy of the Assignment of Northwest Acres Mortgage is attached hereto and incorporated herein as Exhibit 16.

59.     In addition, Original Lender assigned the three Assignments of Leases and Rents to Plaintiff. It executed an Assignment of Assignment of Leases and Rents effective as of December 7, 2016, assigning the Jefferson Manor and Terrace Green ALR to Plaintiff, which was filed in the real property records of Pulaski County, Instrument No. 2017007493, and which is attached hereto and incorporated herein as Exhibit 17. Original Lender executed an Assignment of Assignment of Leases and Rents effective as of December 7, 2016, assigning the Allied Gardens ALR to Plaintiff, which was filed in the real property records of

19

Sebastian County, Instrument No. 2017-02255, and which is attached hereto and incorporated herein as Exhibit 18. Original Lender executed an Assignment of Assignment of Leases and Rents effective as of December 7, 2016, assigning the Northwest Acres ALR to Plaintiff, which was filed in the real property records of Washington County, Instrument No. 2017-00006537, and which is attached hereto and incorporated herein as Exhibit 19.

60.     Original Lender also assigned the three Fixture Filings to Plaintiff. Original Lender filed a UCC Financing Statement Amendment for the Jefferson Manor and Terrace Green Fixture Filing reflecting its assignment to Plaintiff in the real property records of Pulaski County on February 1, 2017, Instrument No. 2017007494, and which is attached hereto and incorporated herein as Exhibit 20. Original Lender filed a UCC Financing Statement Amendment for the Allied Gardens Fixture Filing reflecting its assignment to Plaintiff in the real property records of Sebastian County on May 19, 2021, Instrument No. 2021-12990, and which is attached hereto and incorporated herein as Exhibit 21. Original Lender filed a UCC Financing Statement Amendment for the Northwest Acres Fixture Filing reflecting its assignment to Plaintiff in the real property records of Washington County on February 1, 2017, Instrument No. 2017-00003245, and which is attached hereto and incorporated herein as Exhibit 22.

61.     Original Lender filed a UCC Financing Statement Amendment with the Arkansas Secretary of State on March 10, 2017, Filing ID No. 40000144413071, reflecting the assignment to Plaintiff of the interests covered by the previously

recorded UCC Financing Statement. A copy is attached hereto and incorporated herein as Exhibit 23.

62.     Original Lender assigned the Guaranty to Plaintiff pursuant to the General Assignment.

**Borrowers' Breaches of the Loan Agreement**

63.     Borrowers have failed to fulfill their obligations under the Loan Agreement by:

(1)     failing to make required monthly payments of principal and interest as they became due and owing;

(2)     failing to deposit all Rents (as defined in the Loan Agreement) as required;

(3)     failing to provide certain financial statements and information to Plaintiff;

(4)     failing to provide an accounting of Rents received;

(5)     allowing waste to occur by failing to maintain the properties in good working order and repair;

(6)     allowing the existence of PF Jefferson Manor, PF Northwest Acres, and PF Terrace Green to be revoked under Arkansas law as of April, 2023, if not earlier;

(7)     failing to maintain property and casualty insurance for the properties as required by the Loan Agreement, resulting in Plaintiff having to force-place insurance on the properties as of June 17, 2022;

(8)     on information and belief, changing the property manager for the properties in or about April, 2023 without Plaintiff's consent as required by the Loan Agreement;

(9)     allowing Bohn, Inc. to place a judgment lien on the Jefferson Manor Property by recording a Default Judgment against the Jefferson Manor Property with the Pulaski County, Arkansas County Clerk on May 10, 2021 as document number 2021032010 (the "Bohn, Inc. Judgment Lien");

(10)    allowing a Default Judgment to be entered in favor of Carpet & Flooring Partners, LLC d/b/a C&F Flooring and Rug Gallery and against PF Jefferson Manor in the Circuit Court of Pulaski County, Arkansas, case number 60CV-22-4093, on April 14, 2023 (the "C&F Judgment"), and allowing the C&F Judgment to be recorded with the Pulaski County, Arkansas County Clerk on April 19, 2023 as document number 2023020475 against the Jefferson Manor Property; and

(11)    allowing Carpet Tech, Inc. d/b/a Artisent Floors to record a Mechanic's & Materialman's Lien against the Jefferson Manor Property with the Pulaski County, Arkansas County Clerk on February 16, 2023 as document number 2023009102 (the "Carpet Tech Mechanic's Lien").

64.     Borrowers failed to pay the full Monthly Debt Service Payment Amount due and owing on November 6, 2020, as required by Section 2.3.1 of the Loan Agreement. This failure to make the required payment is an Event of Default under the Loan Agreement.

22

65.     Borrowers failed to deposit all Rents received into the Clearing Account within one Business Day of receipt, as required by Section 2.7.1(b) of the Loan Agreement. Borrowers failed to cure this breach within ten days of their receipt of notice from Plaintiff. This constitutes a further Event of Default under the Loan Agreement.

66.     Borrowers failed to provide financial statements and information, and an Officer's Certificate and rent rolls for all of the properties, as required by Section 4.1.6 of the Loan Agreement. Borrowers failed to provide financial reporting for the years ending 2019, 2020, 2021, and 2022, as well for the quarterly calendar periods ending June 30, 2020, December 31, 2020, and for each quarterly calendar period thereafter  to the present. This constitutes an Event of Default under the Loan Agreement.

67.     Further, Guarantor failed to provide the updated financial statements and other information required pursuant to Section 5.2 of the Guaranty for the years ending 2019, 2020, and 2021, as well as for the quarterly calendar periods ending March 31, June 30, September 30, and December 31 in each of those years, 2022, and to date in 2023.

68.     Borrowers failed to provide Plaintiff an accounting of all Rents received from July 25, 2017 through November 18, 2020 as demanded by Plaintiff. The Loan Agreement required Borrowers to furnish information regarding its operations at the properties and its financial affairs as reasonably required by Plaintiff, but Borrowers failed to do so and failed to provide the information within

the five business days required under Section 4.1.6(j). This constitutes a further Event of Default under the Loan Agreement.

69.     Plaintiff provided notice to the Borrowers and Guarantor of these Events of Default by letters dated November 18, 2020, December 4, 2020, and April 28, 2021. True and correct copies of these notices are attached hereto as Exhibits 24, 25, and 26.

70.     The April 28, 2021 notice further provided the Borrowers and Guarantor notice that Plaintiff had accelerated the Loan and demanded immediate payment of all principal, interest, and other outstanding indebtedness.

71.     In addition to the above, in violation of Section 4.1.1 of the Loan Agreement, the Borrowers have committed waste at the properties by failing to maintain the properties in good condition and repair as agreed in the Loan Documents.  This is a further Event of Default under the Loan Agreement.

72.     In particular, as of August, 2022, at least eighteen apartment units at the Jefferson Manor Property are unavailable for leasing, four of which have unrepaired damage from a fire which occurred several years ago, and four other units have water intrusion or mold/microbial growth.  Borrowers have failed to make necessary repairs, and have removed or failed to replace fire extinguishers that are missing from this property under customary safety standards.

73.     As of August, 2022, three apartment units at the Terrace Green Property are unavailable for leasing to due unrepaired damage from a fire which occurred over six years ago, or have unresolved mechanical problems. Borrowers

have failed to make the necessary repairs, and have failed to replace or inspect the fire extinguishers at this property as appropriate under customary safety standards.

74.     As of August, 2022, three apartment units at the Allied Gardens Property are unavailable for leasing due to frozen pipes dating back to winter, 2018 or a burst pipe in January, 2022.  Borrowers have failed to make the necessary repairs.

75.     In violation of Sections 3.1.24(a), 4.1.1, and 4.1.5 of the Loan Agreement, Borrowers have allowed the existence of PF Jefferson Manor, PF Northwest Acres, and PF Terrace Green to be revoked under Arkansas law as of April, 2023, if not earlier.  This is a further Event of Default under the Loan Agreement.

76.     In violation of Section 5.1 of the Loan Agreement, Borrowers failed to maintain property and casualty insurance for the properties as required by the Loan Agreement.  This is a further Event of Default under the Loan Agreement.

77.     On information and belief, and in violation of Section 7.2 of the Loan Agreement, as of April, 2023, Borrowers have changed, or intend to change, the property manager for the properties without Plaintiff's consent.  Despite Plaintiff's requests to Borrowers' counsel for information regarding the change of the property manager, Borrowers have failed and refused to provide Plaintiff with the requested information.  This is a further Event of Default under the Loan Agreement.

78.     In violation of Sections 3.1.24(d), 4.2.1, and 8.1(a) of the Loan Agreement, Borrowers have allowed the Bohn, Inc. Judgment Lien to be recorded against the Jefferson Manor Property.  This is a further Event of Default under the Loan Agreement.

79.     In violation of Sections 3.1.24(d) and 8.1(a) of the Loan Agreement, Borrowers have allowed the C&F Judgment to be entered against PF Jefferson Manor and recorded against the Jefferson Manor Property.  This is a further Event of Default under the Loan Agreement.

80.     In violation of Sections 3.1.24(d), 4.2.1, and 8.1(a) of the Loan Agreement, Borrowers have allowed the Carpet Tech Mechanic's Lien to be recorded against the Jefferson Manor Property.  This is a further Event of Default under the Loan Agreement.

**Conditions Precedent**

81.     All conditions precedent have occurred, have been performed, or have been waived.

<u>**Count One – Breach of Contract**</u>

82.     Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

83.     As set forth above, Events of Default have occurred under the Loan Agreement and the other Loan Documents.

84.     If any payment required under the Note is not paid when due, or any other Event of Default occurs, the Debt (as defined in the Loan Agreement) shall, at

26

Plaintiff's option, become immediately due and payable. As noted above, Plaintiff accelerated the Loan, making all amounts owed under it immediately due and payable.

85.    The Loan Documents further provide for accrual of default interest at the Default Rate (as defined by the Loan Agreement) upon an Event of Default and while such event remains outstanding. Loan Agreement § 2.2.2.

86.    The Loan Documents further provide for assessment of a late payment charge equal to the lesser of five percent or the maximum amount permitted by applicable law if any principal, interest, or other sum due under the Loan Documents, is not paid by Borrowers on or prior to the date on which it is due. Loan Agreement § 2.3.4.

87.    The Loan Documents further provide that Plaintiff may assess a fee of $5000 upon the occurrence of a failure by the Borrowers to provide financial statements and information required under the Loan Agreement and for each 30-day period thereafter in which Borrowers fail to provide the requested financial statements and other information. Loan Agreement § 4.1.6(k).

88.    The Events of Default constitute breaches of the Loan Documents by the Borrowers.

89.    Borrowers' failure to deposit all Rents as required by the Loan Documents was and is willful and intentional misconduct in an effort to deprive Plaintiff of the Rents it is entitled to under the Loan Documents, and has made the

Debt recourse to the Borrowers pursuant to Section 11.22(ii) of the Loan Agreement.

90.    The Borrowers' failure to provide the required financial statements and information or an accounting of Rents has made the Debt fully recourse to the Borrowers under Section 11.22(1) of the Loan Agreement.

91.    The Borrowers' failure to maintain the properties in good condition and repair constitutes waste, and has made the Debt recourse to the Borrowers under Section 11.22(x) of the Loan Agreement.

92.    The Borrower's failure to maintain the existence of PF Jefferson Manor, PF Northwest Acres, and PF Terrace Green in good standing in the State of Arkansas has made the Debt fully recourse to the Borrowers under Section 11.22(1) of the Loan Agreement.

93.    The Borrower's failure to maintain insurance for the properties as required by the Loan Agreement has made the Debt recourse to the Borrowers pursuant to Section 11.22(vii) of the Loan Agreement.

94.    The recording of the Bohn, Inc. Judgment Lien against the Jefferson Manor Property has made the Debt fully recourse to the Borrowers under Sections 11.22(1), (2), and (3) of the Loan Agreement.

95.    The C&F Judgment entered against PF Jefferson Manor and recorded against the Jefferson Manor Property has made the Debt fully recourse to the Borrowers pursuant to Sections 11.22(1), (2), and (3) of the Loan Agreement.

96.     The recording of the Carpet Tech Mechanic's Lien against the

Jefferson Manor Property has made the Debt fully recourse to the Borrowers under

Sections 11.22(1), (2), and (3) of the Loan Agreement.

97.     The Borrowers' liability under the Loan Agreement is joint and

several. Loan Agreement § 11.25.1.

98.     Plaintiff has performed all conditions, covenants, and obligations on its

part to be performed under the Loan Documents.

99.     As of March 6, 2023, the total balance due and owing to Plaintiff under

the Loan Documents is $20,110,436.20, computed as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $ 17,186,725.58 |
| Accrued Interest | $ 1,583,448.83 |
| Default Interest | $ 2,225,650.76 |
| Late Fees | $ 323,369.84 |
| Special Servicing Fees | $ 109,532.06 |
| Interest on Advances | $ 131,245.48 |
| Liquidation Fee | $ 205,226.72 |
| Tax Advances | $ 194,144.91 |
| Property Protective Advances | $ 271,789.33 |
| Insurance Advances | $ 208,315.92 |
| FPI Setup Fee | $ 500.00 |
| UCC Filing Fee | $ 104.50 |
| Bank Account Maintenance Fees | $ 9,200.00 |
| Yield Maint. / Prepay | $ 826,165.26 |
| Payoff Fee | $ 1,500.00 |
| **Sub-Total** | **$ 23,276,919.18** |
| Total Reserves | $ 210,765.09 |
| Lockbox | $ 2,955,717.89 |

Total (after subtracting Total Reserves
and the Lockbox amount) as of March 6, 2023:        $20,110,436.20

Interest continues to accrue at the rate of $5,699.8196 per day, comprised of

$2,265.3059 per day at the regular note rate and an additional $3,434.5137 per day

at the default rate.  In addition, late fees, special servicing fees, and interest on

advances continue to accrue on the Loan, and Plaintiff is further entitled to recover

all further amounts advanced for property taxes, insurance, maintenance fees, and

to protect its security interest in the properties.

100.   Attorneys' fees and legal costs have also been incurred and will

continue to accrue throughout the remainder of this case.  Under the Loan

Documents, Borrowers  are liable for all attorneys' fees and costs incurred by

Plaintiff in enforcing its rights under the Loan Documents.

101.   As a direct and proximate result of Borrower's breach of the Loan

Documents, Plaintiff has been damaged in an amount equal to but not less than

$20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or

incurred thereafter.

102.   Plaintiff is entitled to an *in personam* judgment against PF Jefferson

Manor, PF Terrace Green, PF Allied Gardens, and PF Northwest Acres, jointly and

severally, in an amount equal to but not less than $20,110,436.20 as of March 6,

2023, plus all interest, fees, and advances accruing or incurred thereafter, post-

judgment interest, costs, and attorneys' fees.

## Count Two – Replevin

103.    Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

104.    Plaintiff has a properly perfected first-priority security interest in and to the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property.

105.    Any interest of PF Jefferson Manor, PF Terrace Green, PF Allied Gardens, and PF Northwest Acres in the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property is inferior to the interest of Plaintiff.

106.    Plaintiff is entitled to a judgment *in rem* as to the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property in an amount equal to the balance stated above, plus accruing interest and fees, post-judgment interest, attorneys' fees, and all collection costs incurred by Plaintiff, as provided in the Loan Documents.

107.    Plaintiff, or its assignee, is entitled to an order of delivery so that it may take immediate possession of the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property so that it can be applied to the debt or sold in accordance with the provisions of the Uniform Commercial Code or by foreclosure sale with the corresponding real property and improvements as set forth below, with proceeds, after costs of the sale, applied to the debt.

31

### Count Three – Foreclosure

108.   Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

109.   Plaintiff has a properly perfected first-priority mortgage lien in and to the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.

110.   Any interests of PF Jefferson Manor, PF Terrace Green, PF Allied Gardens, PF Northwest Acres, and Bohn, Inc. in the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property are inferior and subordinate to Plaintiff's interests in the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.

111.   Plaintiff is entitled to a judgment *in rem* as to the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property in an amount not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, advances, post-judgment interest, costs, and attorneys' fees, accruing or incurred thereafter, as provided in the Loan Documents.

112.   Plaintiff, or its assignee, is entitled to a decree of foreclosure to foreclose its interest in and to the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.

113.   If the judgment awarded herein is not paid within ten (10) days of the entry of the judgment and decree of foreclosure, Plaintiff is entitled to foreclose and

32

sell the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property by judicial sales to satisfy the judgment.  Plaintiff seeks the appointment of a Commissioner or Commissioners to conduct the sales of the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.  The foreclosure sales should be held for cash or credit terms up to ninety (90) days following the date of sale or as otherwise allowed by Arkansas law, except as to Plaintiff, or its assignee, either of which is entitled to offset bid against the judgment awarded herein. Plaintiff further seeks to sell the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property to the highest bidder with prompt performance due, but if performance is not made, Plaintiff, or its assignee, seeks entitlement to enforce performance or to take the second highest bid (and so on until the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property are sold to a bidder), or, if no second highest bid exists as to the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property, to reschedule a sale without further notice.

114.   Plaintiff, or its assignee, is entitled to a writ of assistance if possession of the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property are not relinquished upon entry of judgment herein and asks the Court to retain jurisdiction to issue a writ of assistance so that Plaintiff, its assignee, and/or any purchaser at the foreclosure

33

sale can gain possession of the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.

115.   The foreclosure sale proceeds will be applied to the judgment awarded herein after payment of the fees to the Commissioners appointed to sell the Jefferson Manor Property, the Terrace Green Property, the Allied Gardens Property, and the Northwest Acres Property.

### Count Four – Breach of Guaranty

116.   Plaintiff re-alleges, restates, and incorporates herein by this reference the foregoing paragraphs as if set out verbatim.

117.   Pursuant to Section 1.1(a) of the Guaranty, Guarantor irrevocably and unconditionally guaranteed to Plaintiff the payment and performance of the "Guaranteed Obligations."  Guarantor further agreed that Guarantor is irrevocably and unconditionally liable for the "Guaranteed Obligations."

118.   Pursuant to Section 1.1(b) of the Guaranty, "Guaranteed Obligations" means: (1) "Borrower's Recourse Liabilities" as set forth in Sections 11.22(i) through (xx) of the Loan Agreement; and (2) from and after the date that any "Springing Recourse Event" occurs, Guarantor's payment of the entire Debt.

119.   Each "Springing Recourse Event" is set forth in Sections 11.22(1) through (10) of the Loan Agreement.

120.   As set forth above, Events of Default have occurred which constitute Borrower's Recourse Liabilities that render the Borrowers personally liable for the Debt pursuant to Sections 11.22(ii), (vii), and (x) of the Loan Agreement.  Pursuant

34

to the Guaranty, Guarantor is personally liable to Plaintiff for payment of Borrower's Recourse Liabilities.

121.   As set forth above, Events of Default have occurred which are Springing Recourse Events pursuant to Sections 11.22(1), (2), and (3) of the Loan Agreement that render the Borrowers personally liable for the full amount of the Debt due and owing to Plaintiff. As a result of such Springing Recourse Events, pursuant to the Guaranty, Guarantor is personally liable to Plaintiff for the entire amount of the Debt due and owing to Plaintiff under the Loan Agreement and the other Loan Documents.

122.   Plaintiff has performed all conditions, covenants, and obligations on its part to be performed under the Guaranty and the other Loan Documents.

123.   Guarantor has breached the Guaranty by failing and refusing the pay Plaintiff all amounts due and owning pursuant to the Loan Documents.

124.   Plaintiff has incurred, and will continue to incur, attorneys' fees and legal costs as a result of Borrowers' breach of the Loan Documents and Guarantor's breach of the Guaranty.  Pursuant to the terms of the Guaranty and the other Loan Documents, Guarantor is liable for all attorneys' fees and costs incurred by Plaintiff in enforcing its rights under the Loan Documents.

125.   As a direct and proximate result of Borrower's breach of the Loan Documents, and Guarantor's breach of the Guaranty, Plaintiff has been damaged in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter.

126. Plaintiff is entitled to an *in personam* judgment against Chaim Puretz in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter, post-judgment interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff, Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS12, Commercial Mortgage Pass-Through Certificates, Series 2016-UBS12, respectfully requests:

A. That as to Count One, this Court enter judgment in Plaintiff's favor and against Defendants PF Jefferson Manor LLC, PF Terrace Green LLC, PF Allied Gardens LLC, PF Northwest Acres LLC, jointly and severally, in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter, post-judgment interest, costs, and attorneys' fees, and grant it all other and further relief as is just and equitable;

B. That as to Count Two, this Court enter: (1) a judgment in Plaintiff's favor and against Defendants PF Jefferson Manor LLC, PF Terrace Green LLC, PF Allied Gardens LLC, PF Northwest Acres LLC, jointly and severally, and against the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter, post-judgment interest, costs, attorneys' fees, and all collection costs; (2) a judgment, order of delivery, and order of possession in Plaintiff's favor requiring PF Jefferson Manor LLC, PF Terrace Green

LLC, PF Allied Gardens LLC, PF Northwest Acres LLC, jointly and severally, to deliver immediate possession of the Jefferson Manor and Terrace Green Personal Property, the Allied Gardens Personal Property, and the Northwest Acres Personal Property to Plaintiff; and (3) an order awarding Plaintiff all other and further relief as is just and equitable;

    C.  That as to Count Three, this Court enter in Plaintiff's favor and against Defendants PF Jefferson Manor LLC, PF Terrace Green LLC, PF Allied Gardens LLC, PF Northwest Acres LLC, jointly and severally, and against Defendant Bohn, Inc. d/b/a Langenwalter Carpet Care: (1) a judgment and decree of foreclosure in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter, post-judgment interest, costs, and attorneys' fees, authorizing Plaintiff to cause the Jefferson Manor Property, Terrace Green Property, Allied Gardens Property, and the Northwest Acres Property to be sold by a Commissioner or Commissioners as requested herein; (2) a writ of assistance as requested herein; and (3) an order granting Plaintiff all other and further relief as is just and equitable; and

    D.  That as to Count Four, this Court enter judgment in Plaintiff's favor and against Defendant Chaim Puretz in an amount equal to but not less than $20,110,436.20 as of March 6, 2023, plus all interest, fees, and advances accruing or incurred thereafter, post-judgment interest, costs, and attorneys' fees, and grant it all other and further relief as is just and equitable.

              Jaimie G. Moss (2012228)
              WRIGHT, LINDSEY & JENNINGS LLP

200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jmoss@wlj.com

and

Robert B. Groholski (*pro hac vice*)
Illinois State Bar No. 6272317
**DYKEMA GOSSETT PLLC**
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 627-2295 – Telephone
(312) 876-1155 – Facsimile
rgroholski@dykema.com

*Attorneys for Plaintiff Wells Fargo Bank,*
*National Association, as Trustee for Morgan*
*Stanley Capital I Trust 2016-UBS12,*
*Commercial Mortgage Pass-Through*
*Certificates, Series 2016-UBS12*