IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WELLS FARGO BANK, N.A.**                                                                 **PLAINTIFF**
*as Trustee For Morgan Stanley Capital I Trust*
*2016- UBS 12, Commercial Mortgage Pass-Through*
*Certificates, Series 2016-UBS 12*

v.                               CASE NO. 4:22-CV-00180-BSM

**PF ALLIED GARDENS LLC,** *et al.*                                                      **DEFENDANTS**

## ORDER

After carefully reviewing the brief of Wells Fargo Bank, N.A. in support of its damages, I find that for the reasons that follow, it is entitled to recover from PF Allied Gardens LLC, PF Jefferson Manor LLC, PF Northwest Acres LLC, PF Terrace Green LLC, and Chaim Puretz its full claimed damages on each item except the following: (1) late fees ($401,784.44); (2) liquidation fee ($219,260.82); and (3) contractual yield maintenance default premium ($807,751.53).

A.     Late Fees

Wells Fargo may recover late fees only from the time defendants stopped making payments to the time Wells Fargo accelerated the Loan.[1] *See 4 B's Realty 1530 CR39, LLC v. Toscano*, 818 F. Supp. 2d 654, 662 (E.D.N.Y. 2011); Pl's. Statement of Facts ¶ 104, Doc. No. 52. Absent a contractual provision to the contrary, a payment cannot be "late" after acceleration because it converts a borrower's obligation to make monthly payments into an

---

[1] Capitalized terms herein have the meanings ascribed to those terms in the order granting summary judgment. Doc. No. 72.

obligation to immediately pay the full amount of the loan. *4 B's Realty*, 818 F. Supp. 2d at 662. Wells Fargo has identified no Loan Agreement provisions modifying this default rule. It has shown that before acceleration of the Loan, defendants failed to timely make monthly payments from November 2020 through April 2021, totaling $856,631.56. Pl's. Statement of Facts ¶ 104. Wells Fargo is thus entitled to $42,831.58, five percent of those late payments.

      B.     <u>Liquidation Fee</u>

The Loan Agreement entitles Wells Fargo to recover its liquidation fee from defendants. Loan Agreement § 11.24(a), Mot. Summ. J. Ex. 1, Doc. No. 50; Pl.'s Mem. Regarding Damages 13, Doc. No. 73. It cannot recover it now, however, because the amount of the liquidation fee has not yet been determined. *Wells Fargo Bank as Tr. ex rel. Holders of COMM 2015-LC19 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 5615 N. LLC*, No. 20CV2048VSBKHP, 2023 WL 7394340, at *10 (S.D.N.Y. May 4, 2023), *R&R adopted*, No. 20-CV-2048 (VSB), 2023 WL 7384632 (S.D.N.Y. Nov. 8, 2023). The exact dollar amount of the liquidation fee will not be calculated until after the foreclosure sale occurs and Wells Fargo receives a bill from its third-party servicer for the fee. *See id.* At that time, Wells Fargo may submit evidence that it paid its servicer the liquidation fee and defendants will be directed to reimburse Wells Fargo for that amount.

C.     Contractual Yield Maintenance Default Premium

Wells Fargo may not recover the contractual yield maintenance default premium at this point because there have been no prepayments on the Loan. *See* Loan Agreement § 2.4.3. The yield maintenance default premium is a form of prepayment consideration, which "compensates the lender for the loss of its bargained-for yield" from a borrower paying his loan early. *See In re S. Side House, LLC*, 451 B.R. 248, 267 (Bankr. E.D.N.Y. 2011), *aff'd sub nom. U.S. Bank Nat. Ass'n v. S. Side House, LLC*, No. 11-CV-4135 ARR, 2012 WL 273119 (E.D.N.Y. Jan. 30, 2012). Section 2.4.3 requires a person who prepays any part of the Loan amount to also pay the yield maintenance default premium, which is five percent of the principal of the Loan. Loan Agreement §§ 1.1 & 2.4.3; Pl.'s Mem. Regarding Damages 17. This includes a purchaser at foreclosure. Loan Agreement § 2.4.3.

Wells Fargo is not presently entitled to recover the yield maintenance default premium from defendants because their payments on the Loan after default and acceleration were not prepayments. *See In re 1141 Realty Owner LLC*, 598 B.R. 534, 541 (Bankr. S.D.N.Y. 2019) ("Generally, a lender that accelerates a loan following a default forfeits the right to a prepayment premium because the acceleration advances the maturity date, and by definition, the loan cannot be prepaid."). Wells Fargo has not identified any provision of the Loan Agreement that changed this default rule. *See id.* (treating post-default payments as prepayments triggering a yield maintenance default premium when a loan agreement provision "deem[ed] the post-default payment, whenever made, to be a 'voluntary

3

prepayment'"). The Loan Agreement does clearly require whoever purchases the Apartment Complexes at a foreclosure sale to pay the yield maintenance default premium, which could turn out to be one or more of the defendants. Loan Agreement § 2.4.3. But that sale has not yet taken place, and the cost of the yield maintenance default premium may not be imposed on defendants on the mere assumption that they will purchase the Apartment Complexes. *See* Pl.'s Mem. Regarding Damages 16.

D. <u>Total Damages</u>

For the reasons above, it is premature to award Wells Fargo the liquidation fee and contractual yield maintenance default premium, and its claimed late fees are reduced by $358,952.86. Wells Fargo is therefore presently owed damages from defendants jointly and severally in the amount of $20,388,218.81 as set forth in the judgment entered concurrently with this order.

IT IS SO ORDERED this 15th day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE